I. & G. N. R'y Co. v. R. A. Leak.

(Case No. 1925.)

1. EVIDENCE — APPEAL.— The record must show distinctly what testimony was objected to in the court below, to enable the supreme court to revise the action of the inferior court in admitting it.
2. PRACTICE.— The assignment that the court below erred in overruling exceptions to the pleadings of the opposite party is too general to be considered where the pleadings and exceptions are numerous and lengthy. Errors not found on the record cannot be considered on appeal.

3. SAME.— An assignment of error that the court refused to give the special
charges requested, the charges requested containing six paragraphs contain-
ing distinct propositions upon distinct lines of defense, does not specify any
error with sufficient certainty for the court to act on each paragraph sep-
arately.

4. CHARGE — REPETITION.— In a damage suit against a railroad company the
court in its charge repeated several times that a great degree of care was
required of the conductor of a train in expelling an insane woman from a
car.  *Held*, that the repetition of the statement could do no harm unless it
induced the jury to believe that the court thought there was evidence show-
ing a want of the requisite care.  The repetition was not of a character to
thus mislead the jury, and occurred only when it was necessary to qualify
the principles applicable to the different phases of the case.

5. CONDUCTOR.— A conductor may use only as much force as is necessary to
lawfully expel a person from a car.

6 PRACTICE — CHARGE.— A defective charge can only be properly presented on
appeal under an assignment bringing in review the action of the court in
refusing a special charge covering the point.

7. EVIDENCE — CHARGE.— Testimony showing the mental condition of the in-
jured party and the rough manner in which she was treated is sufficient to
authorize a charge instructing the jury to consider mental suffering in esti-
mating damages.

8. JURY — PLEADINGS.— The jury may read the pleadings in their retirement,
but it is not their duty to do so, and it is error to charge them that it is; but
such error is not ground for reversal unless its result was to mislead the
jury, and such a result is claimed on appeal.

9. CHARGE.— See opinion for charge held not to assume a fact as proved.

APPEAL from Rusk.  Tried below before the Hon. J. G. Hazle-
wood.

The opinion states the case.

*Jones & Gould*, for appellant.

*Drury Field* and *Martin Casey*, for appellee.

ROBERTSON, ASSOCIATE JUSTICE.— On December 24, 1880, Dr. R.
A. Leak started to Austin, Texas, to take to the asylum his wife,
who was afflicted with lunacy.  At Overton, having purchased
tickets for himself and wife, he entered with her the south-bound
train.  The conductor ordered that Mrs. Leak be taken from the
train, and she was put off.  On January 18, 1881, Dr. Leak com-
menced this suit for damages done to himself and wife in their
expulsion from the defendant's train.  On December 8, 1882, a
pleading was filed making Mrs. Leak a party plaintiff with her hus-
band.  On January 8, 1884, Dr. Leak having deceased since the
suit was commenced, D. A. Leak, as the next friend of Mrs. Leak,
who, it appears, has never recovered her faculties, and of the only

child of Doctor and Mrs. Leak, made himself a party plaintiff by supplemental petition.    On January 7, 1885, D. A. Leak, by a trial amendment, averred that he was the duly appointed and qualified guardian of the estates of Mrs. Leak, and of Ethel Leak, the minor child of Doctor and Mrs. Leak, and as such made himself a party plaintiff in the suit.

On January 14, 1885, D. A. Leak, as the guardian of Mrs. Leak, recovered against the appellant a judgment for $2,500 and costs, from which this appeal has been taken.

The defenses relied upon in the court below and the points made here for reversal will sufficiently appear in the review in detail of the several assignments of error not waived by the appellant in the presentation of the cause in this court.

The third and fifth errors assigned complain of the action of the court in admitting in evidence the answer of Dr. Leak to the fourteenth interrogatory and of the answer of Sam. D. Woodward to the second interrogatory.  It appears from the record that the depositions of these witnesses were read upon the trial of the cause, and from the bill of exceptions that these answers were admitted over appellant's objection.    What the answers were is not stated in the bill of exception with sufficient definiteness to enable us to review the rulings of the court below, and in the statement of facts the testimony of both these witnesses is given without reference to the numbers of the interrogatories.   In the absence of a bill of exception distinctly stating what testimony was objected to, we cannot revise the action of the court below in admitting the evidence.

The sixth assignment is that the court erred in overruling appellant's exceptions to the pleadings of appellee.  The pleadings and the exceptions were numerous and voluminous, and this assignment is too general to be considered.

The seventh assignment is that the court erred in sustaining an exception to appellant's plea of limitation.  The only plea in the record, to which this assignment could refer, is that more than a year elapsed after the death of Dr. Leak before new parties plaintiff were made.  We do not find that any exception to it was sustained, and when Dr. Leak died does not appear.

The eleventh assignment, that the court erred in not instructing the jury upon limitation, is manifestly not well taken.  The evidence not disclosing the date of Dr. Leak's death, if the plea contained in the record presented any defense or bar, the essential fact sustaining it to warrant a charge upon it was wholly wanting.

The appellant, as a fourth proposition under the sixth, seventh and

eleventh errors assigned, says that the cause of action is community property of Doctor and Mrs. Leak, and the pleadings do not show that there is no administration or necessity for any. This is pertinent only under the sixth assignment, which we have already seen is not sufficiently specific to authorize consideration.

The eighth assignment is that the court erred in refusing to give the special charges requested by the appellant. The special charge requested contains six paragraphs, each presenting distinct propositions upon distinct lines of defense. Some of these propositions it is perfectly clear should not have been given; if the whole is but one special charge, to be given or refused as a whole, it was properly rejected. If each paragraph is a separate request to be acted upon, the assignment does not specify any error with the certainty required by the statute and the rules. In either view the eighth assignment is not sustained.

The ninth assignment is that the court erred in refusing the motion for new trial. The original and the amended motion contain together fifteen grounds. This assignment manifestly points out no error.

The tenth assignment is that the court laid too great stress upon the extreme degree of care required of the conductor of the train in expelling Mrs. Leak from the car. It is complained that the court below in the charge by repetition emphasized this principle. The degree of care required is not improperly stated in the charge. The repetition of the statement can do no harm, unless it induced the jury to believe that the court thought there was evidence showing a want of the requisite care prescribed. The reiteration is not of a kind calculated thus to mislead or improperly impress the jury. This part of the law applicable to the case is only repeated when necessary to qualify the principles applicable to the different phases of the case presented in the charge.

The twelfth assignment is that the court erred in not instructing the jury that the care to be used by the conductor would depend upon the manner of Mrs. Leak. The court did instruct the jury that the conductor might use as much force as was required to expel her — any more would be unlawful. The charge is sufficient in this respect. If it was not, the error could only be properly presented here under an assignment bringing in review the action of the court in refusing a special charge covering the point.

The thirteenth assignment is that the court erred in not submitting to the jury the question whether Mrs. Leak was capable of mortification and other mental affections forming an element of actual dam-

ages in cases of this character. The failure of the court in this respect fully to present the case to the jury is not reversible error. If the court's charge is defective and the appellant requests a special charge curing the defect, the refusal of the court to give the special charge is error. No such error is pointed out in this assignment.

The fourteenth assignment is that the court erred in authorizing the jury to consider the mental suffering of Mrs. Leak in estimating the damages, on the ground that there was no basis for such damages in the pleadings or evidence. The testimony showed the mental condition of Mrs. Leak and the manner in which she was treated. This was evidence enough to justify the charge. In the pleadings it is averred that the unwarranted rudeness of the conductor shocked her nervous system and brought on a paroxysm of madness and aggravated her mental malady. These general averments may have been obnoxious to special exception; if exceptions were urged and improperly overruled, the error is not in this assignment. These averments were sufficient to authorize the charge complained of in the fourteenth assignment.

The fifteenth assignment is that the court erred in instructing the jury to read the pleadings. The appellant complains that such instruction prejudiced it before the jury, because the pleadings were declamatory and strong statements of the appellee's case, not supported by the evidence, but calculated to inflame the minds of the jury. We can see no harm done to appellant by the instruction given. The jury hear the pleadings read in the beginning of the case, and take them with them in their retirement, and *may* read them again. It is not their duty to do so, and the court below commits an error in charging the jury that it is their duty. It is the duty of the court to evolve from the pleadings and the evidence the issues to be passed upon by the jury. The verdict is the jurors' response to the charge of the court, not to the pleadings. In cases where the pleadings are numerous and voluminous and parts are exorcised by exceptions, and the issues are complicated, such a charge as that here complained of might mislead the jury and be ground for reversal. No such result is claimed in this case, and the assignment is, therefore, not sustained.

The sixteenth assignment complains of the following part of the court's charge:

" And if you believe from the evidence allowed in this case, that as the said Mrs. Leak was descending the steps of the car, or about in the act, the conductor of the train, McClelland, pushed her, and thereby caused her to fall upon the platform below, and caused her

feet to slide across the track and in front of the car wheels, or caused either of said effects to follow from the push (if any) given, then the plaintiffs are entitled to recover; and if you should so believe from the evidence, you will find for the plaintiffs."

The propriety of this charge is questioned only because it is claimed that by it the court assumed that the push caused Mrs. Leak's feet to extend over the rails of the track and thus exposed them to danger. This is not the effect of the charge. It assumes no fact as proven. Whether the push given by the conductor caused her feet to extend over the rail was a question under the facts; that they were so extended in a struggle produced by the push does not exclude the idea that the push *caused* their dangerous position.

The seventeenth assignment is, " the court erred in not submitting to the jury the question of contributory negligence by the husband of plaintiff." There is no proof whatever that Dr. Leak was guilty of any negligence contributing to the injury of his wife. But if there was, and the appellant wished the issue submitted, it ought to have requested a special charge to cure the omission, and then assigned the error committed in refusing the special charge.

The nineteenth assignment is that the court erred in not instructing the jury that nothing could be recovered by Ethel Leak, the minor child of Dr. Leak. The court instructed the jury that they could find *only* upon the right of action of Mrs. Leak.

We find no error of which the appellant can complain, and as to it the judgment of the court below will be affirmed.

The judgment of the court below is alone in favor of the plaintiff as guardian of Mrs. Leak. The minor Ethel, being a party to the suit, is concluded by this judgment as it now stands. We are not satisfied that she is not entitled to one-half the proceeds of the judgment. This, of course, depends upon whether the cause of action for the injury done Mrs. Leak, which survived her husband's death, is community property. We are not satisfied that it is Mrs. Leak's separate property. The question has not been discussed. As we do not wish to decide it without the aid of counsel, we will protect the rights of the minor by reforming the judgment below so that it shall not prejudice the right of the minor or her guardian to claim by a proper proceeding one-half the proceeds of this judgment.

The judgment of the court below is affirmed, and in the particular indicated reformed.

Affirmed and reformed.

[Opinion delivered November 24, 1885.]