St. Louis Southwestern Railway Company v. S. S. Freedman, Next Friend.

Delivered March 19, 1898.

**1. Continuance—Absent Witness—Insufficient Showing.**

A third application for continuance on account of the absence of a witness is properly refused where it fails to show diligence and discloses that the facts to which the absent witness would testify are not essential to a full and fair understanding of the facts of the case.

**2. Charge of Court—Requested Instruction.**

The refusal of a requested instruction is not prejudicial error where it is covered by the charge already given, or is not warranted by the evidence.

**3. Same—Measure of Damages for Personal Injury.**

In an action for personal injuries, a charge that if the jury find for plaintiff they shall award her such sum as in their judgment she is entitled to under the evidence, will not be held reversibly erroneous in the absence of request for fuller instructions on that point.

**4. Verdict—Conflicting Evidence.**

Where there is evidence warranting the verdict, it will not be set aside on appeal because such evidence was conflicting.

**5. Proximate Cause.**

The breaking of a bridle can not be deemed the proximate cause of an accident resulting from the loss of control of a horse, where the bridle broke when a person seized it after the horse had become frightened at a train.

**6. Evidence—Expert Opinion as to Cause of Personal Injury.**

It is competent for a physician to give in evidence, as a part of the basis of his opinion as to the cause of the injuries from which his patient was suffering, the statements made to him as part of the history of the case when consulted with reference to the injuries.

Appeal from Navarro. Tried below before Hon. L. F. Cobb.

*S. H. West, T. P. Stone,* and *Clark & Bolinger,* for appellant.

*Simkins & Mays,* for appellee.

FINLEY, Chief Justice.—Appellee, Ida Freedman, as plaintiff in the court below, sued by next friend, S. S. Freedman, appellant railway company for damages for certain alleged personal injuries which resulted to her on or about March 24, 1895; and for cause of action alleged, substantially, that on said date, while the appellee was in a carriage driven by one M. Hirsch, containing appellee and other friends, and while driving said carriage over and upon a public crossing along the street

in the city of Corsicana, they were suddenly confronted with a switch engine in charge of appellant's servants, running at a high rate of speed without ringing the bell or blowing the whistle; that by the movement of said switch engine and by the escaping of steam, etc., as it moved along, the horse behind which appellee was riding became frightened and wholly unmanageable, so much so that appellee, without being guilty of contributory negligence, believing her life to be in danger, etc., attempted to escape from said danger by jumping from said carriage, and was thrown with great force and violence to the ground, and was bruised in the left side by being thrown upon the wheel, and sustained serious and permanent injuries in that part of her body known as her ovaries, and was otherwise greatly injured, causing her pain, etc., and produced permanent injury, doctor's bill for $500, great mental and physical suffering, rendering her an invalid for life—to her total damage in the sum of $12,000. That appellant was negligent, in that boxcars were carelessly placed on each side of said crossing on switches or parallel tracks, obstructing the crossing at a time when a great many people were crossing over said railway track to the new artesian well; that the engine was run with great speed, to wit, about six miles per hour, and in violation of the ordinances of the city of Corsicana, and failed to ring any bell or blow the whistle; that appellee was without fault, as was also the said M. Hirsch, who was driving appellee.

Appellant answered, (1) by general demurrer); (2) by special exception, to the effect that the allegations in appellee's petition failed to show negligence, and failed to show that the acts complained of resulted from any negligence of appellant; (3) further, that the petition failed to specify the nature, character, and extent of the injuries sued·for; (4) by general denial; (5) by way of special answer, appellant alleged in substance that the cause of appellee's injury was the wild and unruly horse, and that said appellee was guilty of contributory negligence, in that she was fully advised as to said crossing and box cars and the wild and unruly nature of the horse, and without prudence or any exercise of any care or caution, ventured in upon said track and voluntarily took chances of injury from the fright of said horse, as well as from a collision with the passing engine, and for this reason could not complain of appellant, etc.; (6) by further special answer, appellant charged that appellee was not injured at all by any act of appellant, but if injured at all, which was also denied, that she voluntarily caused her own injuries by jumping from said vehicle without using any care or judgment; that said engine was operated carefully and according to law, the bell being duly rung, etc., and for this reason appellee ought·not to recover; (7) by way of further special answer, it was alleged if appellee was injured at all, that the said M. Hirsch, the driver of said vehicle, with whom appellee was voluntarily riding, failed to use proper care, and that he failed to look or listen for any train or engine and contributed to said injuries of appellee, whose negligence was imputable to appellee, and for this reason she was not entitled to recover.

The cause being submitted to a jury, a verdict and judgment was rendered against appellant for the sum of $2250, together with interest and costs, from which judgment the railway company has appealed.

*Opinion.*—1. The first assignment of error relates to the action of ·the court in overruling an application made for a continuance of the cause. Appellant filed its application for a continuance of the cause, showing substantially that it could not go safely to trial in the absence of the testimony of H. N. Middaugh, who was yardmaster at Corsicana, and had at the time of said accident exclusive charge and control of the work and business of appellant in the yards; that by said Middaugh appellant would prove the exact location of the cars and position of the box cars left standing on defendant's track at the time of the accident, and that defendant had no other witness who knew definitely and accurately the number and position of cars left standing on appellant's track, except said Middaugh. Further, that the said Middaugh was charged with due watchfulness and care as yardmaster in the conduct and management of appellant's engines and trains, and that he knew as a fact that when said engine approached Twelfth Street the bell of the engine was kept constantly ringing. Appellant further showed in its said application for continuance by way of diligence in procuring the testimony of H. N. Middaugh, that it had at great expense brought said witness from the State of Arkansas, and city of Fort Smith, to Corsicana for the purpose of testifying orally in said cause, but that owing to illness of appellant's counsel the cause was postponed from the 17th day of June, when it was first set for trial, to the 24th day of June, and that thereupon appellant immediately filed interrogatories preparatory to taking the deposition of said H. N. Middaugh and had the same crossed and placed them in the hands of a notary; that said notary proceeded to take said deposition of H. N. Middaugh at the request of appellant and wrote down his answers to said interrogatories and cross-interrogatories, but finished taking them late in the evening of the 17th of June, and after finishing said deposition all the papers were placed in the drawer by said notary in the District Court room of Navarro County, where it was believed by the notary it would be safe, but on the next morning upon making search for said papers it was found that said deposition had been abstracted and taken from said drawer, and that immediately thereafter said witness left the State, and on his way out of the State stated to the attorneys for appellant that he would not again answer the interrogatories, and that he was on his way home, and would leave Texas on June 19th.

This was the third application for a continuance. The second application sought a continuance for the purpose of obtaining the testimony of this witness, and others. It does not appear that this witness saw the accident, and the only facts desired to be proven by him, which it is stated could not be shown by other testimony, were "the exact location of the cars and the position of the box cars left standing on defendant's

track at the time of the accident." As to these matters, it is stated "that defendant had no other witness who knew *definitely* and *accurately* the *number* and position of cars left standing on appellant's track, except Middaugh."

Appellee alleged that appellant was negligent, in that box cars were carelessly placed on each side of the street crossing on switches or parallel tracks, obstructing the crossing, etc. The exact number or position of such cars were not alleged by appellee, and exactness as to these mat-- ters was not necessary to reach a correct conclusion as to the important fact whether cars were left standing upon the switches or parallel tracks in such manner as to obstruct the view of persons traveling the street at this point and prevent them seeing the approach of engines to the street crossing. A large number of witnesses, introduced by both sides,. testified fully as to this matter, and no important phase of the question would have received any additional light from the testimony which it is. alleged the witness Middaugh would have given had his evidence been . procured.

In our opinion, the application was insufficient in the showing of dili- gence, and defective in that the matter set out which could not be shown by other witnesses was of a character which manifested that it was not essential to a full and fair understanding of the facts of the case. The court, therefore, did not err in its ruling upon the appli- cation.

2. It is next complained that the court committed error in refusing this special instruction requested by appellant's counsel:

"If the jury believe from the evidence that the injuries, if any were inflicted upon the plaintiff, were caused proximately by the unskillful- ness of M. Hirsch and his want of proper care in handling the horse attached to the vehicle in which plaintiff was riding at the time, and not by any negligence or want of care of defendant's employes, then they will find for the defendant. Or if they believe the breaking of the bridle was the proximate cause of the accident, they will find for defendant."

In his general charge the court told the jury, that "in order to recover in this case plaintiff must prove that she was injured as alleged in her petition, and that such injury was caused by the negligence of the defendant. If these two issues have been established by a pre- ponderance of the evidence, you will find for the plaintiff, unless plain- tiff was negligent and by her negligence contributed to bring about her own injury."

In addition to the general charge, the court gave this special instruc- tion: "If the jury believe Ida Freedman was injured at the time of the accident, yet the injuries were not the result of a failure of defendant to- ring the bell or blow the whistle as the engine approached the crossing, but were caused by the contributory negligence of Ida Freedman in not. looking for and discovering the approach of the engine and in per- mitting Mr. Hirsch to attempt to cross the tracks of defendant when

she knew, or by the exercise of ordinary prudence could have discovered, the approach of the engine, then she is not entitled to recover."

The court also gave this special charge: "The jury are instructed that the plaintiffs can only recover in this action for such negligence, if any, on the part of the railway company as is alleged and set up in their petition, which negligence is alleged by plaintiffs to consist of a failure on the part of the railway employes to give notice of the approach of the engine to the crossing of Twelfth Street by ringing the bell or blowing the whistle, the fast speed of the engine, and by negligently leaving cars standing on the sidetracks of the railway, so as to obstruct the view of persons desiring to pass said tracks on Twelfth Street at the time of the accident, if any.

"Now, if the jury believe from the evidence that neither the failure to ring the engine bell or blow the whistle, nor the leaving of said boxcars on the sidetracks of defendant at and near said Twelfth Street, nor the speed of the engine, was the proximate cause of the accident by which Ida Freedman was injured, but if she was injured, that such injury was occasioned by some other cause, then the jury will find for defendant."

These instructions clearly limited plaintiff's right to a recovery to the negligence of the railway company, and restricted the grounds of negligence to those alleged in the petition. Under the law as charged, had the jury believed that the injuries were caused in any other way, they must, in obedience to the charge, have returned a verdict for the defendant. These instructions were sufficient upon this point; and besides, the special charge was incorrect and unfair to plaintiff. It was not alleged by defendant that Hirsch was an unskillful driver and that the accident resulted from his unskillfulness; the allegation was that he was negligent in not driving the horse away from the engine and controlling him. Again, the last clause in the charge was clearly objectionable. The uncontroverted evidence showed that the breaking of the bridle was caused by a stranger seizing the bridle and attempting to control the horse after the horse had become frightened and was attempting to run away. Under such circumstances, the breaking of the bridle could not be regarded as the original independent cause of the injury, and it would have been error to have directed the attention of the jury to that fact in that light. The breaking of the bridle was a consequence of the frightening of the horse, and the fright resulted in his attempt to run away and the injuring of Miss Ida Freedman, and the breaking of the bridle was not the cause which produced it. It was a resulting incident, not the efficient cause.

3. The next assignment challenges the verdict as not being supported by the evidence, and under this assignment these propositions are insisted upon:

(a) The uncontroverted evidence showed that Miss Ida Freedman got out of the carriage in the usual and customary manner, by stepping out

upon the step and onto the ground, without falling or receiving any jar or shock whatever.

The evidence of three of defendant's witnesses supports this theory, but the record does not sustain the proposition that this evidence was without conflict upon this point. Miss Ida Freedman testified that she was so frightened that she did not know how she got out or was thrown out of the buggy. That the first that she remembers after the fright of the horse, she was upon her hands and feet upon the ground. The testimony of other witnesses tends to prove that she jumped or was thrown from the carriage. She and her mother both testified to bruises upon her body and to the soiled condition of her clothing, and she says that she immediately felt hurt and was lame. All the occupants of the carriage were so badly frightened that they were unable to tell whether Miss Freedman was thrown or jumped from the carriage. We think the jury were fairly warranted by the evidence in concluding that Miss Ida Freedman jumped from the carriage in her fright or was thrown from it, and that she was thereby bruised and shocked and seriously injured.

(b) The evidence conclusively showed that Miss Ida Freedman walked about after the accident, manifesting no sign of injury, rendering assistance to others, and that the traumatic injury to the ovary now complained of, and sought to be recovered for, would have necessarily produced immediate prostration.

As previously stated, Miss Freedman testified that she immediately realized that she was hurt and found herself lame. She did walk about at the place of the accident and walked home, but it was shown that she was greatly excited and had hysterics when she got home. The doctors, several of whom testified, did not agree upon the proposition that a traumatic injury to the left ovary would cause fainting or immediate prostration. One of them testified that such an injury would result in death; that it would not occur without breaking through the abdominal wall or pelvic bones. Others testified that ovaritis could be produced in the left ovary by a violent blow or shock immediately over it. It was clearly shown by the decided weight of the testimony that this young lady was not diseased in her ovaries before this accident; that subsequently her left ovary was seriously injured, to the extent that an operation was demanded to effect relief, and there is sufficient evidence to show that the injury resulted from her violent fall from the carriage at the time of the accident in question. Appellant's contention that the verdict is not supported by the evidence is not sustained by the record, and therefore the fifth assignment of error, under which the two propositions considered are made, must be overruled.

4. It is claimed that the court erred in failing to give to the jury in its charge any measure of damages, and in giving the jury complete liberty to find according to their several wishes, which it is contended resulted in an excessive verdict.

The charge of the court was in this language: "If you find for plaintiff you will award her such sum as in your judgment under the evi-

dence she is entitled to." No special charge upon the measure or elements of damage was asked. The verdict was for $2250, and it is not only not excessive, but is quite moderate in the light of plaintiff's testimony bearing upon the character and extent of the injury and the physical and mental pain and suffering entailed by it. The charge of the court is correct so far as it goes. The only objection which can be legitimately urged to it is, that it does not go further and tell the jury what elements of damage they should consider in reaching a conclusion as to the sum plaintiff was entitled to recover, under the evidence. In a case of this character there is no fixed rule for the ascertainment of the damages, outside the recovery for the expenditures for medical attendance, nursing, and other expenses made reasonably necessary by reason of the injuries inflicted. The main basis of damages is the mental and physical pain suffered and the impairment of the health and the capacity to perform the duties of life and discharge its responsibilities. As to the amount of money which should be paid as compensation for such elements of damage, the enlightened, conscientious, and fair judgment of a jury, in the light of the evidence, is constituted the sovereign test and arbiter. Railway v. Gilbert, 64 Texas, 542; Dillingham v. Scales, 78 Texas, 207.

In the case of Railway v. Vinson, 24 Southwestern Reporter, 957, a similar charge was considered by this court, and held sufficient in the absence of any special charge asked. We here quote from that case the following: "Thirteenth assignment of error: 'The court erred in charging the jury as follows: Then you will find for the plaintiff as damages such sum, not to exceed the sum of $15,000, as you may believe she is, under the evidence, entitled to recover for the injury received, if any; and failing to charge the jury as to the proper measure of damages, and elements of damage that they might consider in making up their verdict.'

"There is no affirmative error in the part of the charge complained of. The complaint is that the charge did not go further, and define the measure and elements of damage to govern the jury in making up their verdict. The error is one of omission, and, as no special charge was asked to cure this defect, appellant can not now complain. Cockrill v. Cox., 65 Texas, 669; Railway v. Leak, 64 Texas, 654; Insurance Co. v. Ice Co., Id., 578."

Were this a death case, where pecuniary loss sustained is the only legal basis for damages, the objection to the charge would seem to be better founded. Railway v. Worthy, 87 Texas, 465. The charge held bad in the Worthy case, however, is more objectionable than the one under consideration; in that case it did not confine the jury to the evidence before them. We do not think that decision should control in this case, for the reasons that the basis of damages is widely different in the two cases; and the charge in this case confined the jury to the evidence, while that in the Worthy case did not. For the reasons stated, we hold that the assignment of error should not be sustained.

5. The only remaining assignment of error presented in appellant's brief is as follows: "The court erred in admitting in evidence a part of the answer of H. K. Leake to the fifth interrogatory propounded to him, as follows: 'The history of the case prior to the accident shows that there was no disturbance whatever of the ovarian apparatus, and in my opinion the disease from which she now suffers must be considered in the relation of cause and effect, since the shock produced by the accident upon the ovary at the beginning of the menstrual wave resulted first in congestion and subsequent inflammation to the left ovary, which is the most sensitive organ of the two.' This testimony being offered in connection with the testimony of Dr. Blair, that when he and Mrs. Freedman went to Dallas to consult Dr. Leake, they made a full statement to him of the history of the case. The admission of said testimony being erroneous, in that it emphasized and stated as a fact to the jury hearsay statements of other witnesses as to the prior condition of the appellee, Ida Freedman; the same embraced hearsay testimony and assumed such statements as facts and involved testimony of which witness himself had no knowledge whatever. All of which is shown by bill of exception duly taken."

In Palace Car Company v. Smith, 79 Texas, 471, it is said: "We find no error in the action of the court in permitting the physician who attended Mrs. Smith during her illness to state what she told him while he was treating her, about her exposure at the place where she left the train in connection with his own opinion as to the cause of her sickness.

"The statement was made as the basis of the doctor's opinion and not as independent evidence to establish the fact of exposure. Even had the latter been the purpose it would furnish no ground for the reversal of the judgment, as both the wife and the husband had as witnesses themselves fully stated every fact upon the subject, and there was no opposing evidence with regard to the circumstances attending their leaving the train and the exposure that followed it." Railway v. Brown, 40 S. W. Rep., 619; Wheeler v. Railway, 43 S. W. Rep., 876. The assignment does not present reversible error.

No other reasons are assigned for the reversal of the judgment.

We find that the evidence was sufficient to support the finding that Miss Ida Freedman received injuries through the negligence of the railway company, was not guilty of contributory negligence herself, and that she was damaged to the extent of the sum awarded; and in deference to the verdict of the jury, we conclude that these issues were established by the proof.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.