### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. SCHUYLER S. HAMPTON.

Decided November 21, 1900.

**1. Pleading and Charge—Variance—Master and Servant—Defect in Machinery.**

In an action by an employe for negligent personal injury, an allegation in the petition that a lever which the employe was using in hoisting a stringer was constructed of such soft material that it bent in use and slipped out of its place, causing him to fall, was sufficient to warrant a charge which submitted the defect in the lever as being that it was not sufficiently tough and hard to use in hoisting the stringer without bending.

**2. Same.**

See the opinion for charge held, as a whole, not to vary from the pleading in submitting the issue of negligence in the master in furnishing a servant with a defectively constructed tool which bent while being used, thus causing the servant to fall and be injured.

**3. Master and Servant—Experience of Servant—Inherent Defect.**

Where tools furnished by the master for the use of the servant are composed of defective material, even an experienced servant will not be charged with a knowledge of such defect, nor be held to have assumed the risk of danger in their use.

**4. Measure of Damages—Personal Injury—Charge.**

In an action by an employe against a railway company for negligent personal injury, a charge that, in fixing the amount of the verdict, the jury should consider plaintiff's physical and mental suffering, his loss of time, and, if they found his injuries were permanent and would diminish his capacity to labor and earn money in the future, this should also be considered, was correct as to the measure of damages as far as it went, and, in the absence of a requested charge, presented no reversible error in failing to give some rule by which the jury were to measure the damages, such as finding a sum that would compensate plaintiff.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Upson, Newton & Ward,* for appellant.

*Lewy & Sehorn,* for appellee.

JAMES, CHIEF JUSTICE.—Action for damages for personal injuries. The petition alleged: "That on or about the 20th day of May, 1900, plaintiff was in the employment of the defendant as a bridgeman, and on said date was engaged in working on one of the defendant's bridges

along its line of railroad which crosses Castle Canyon, in Val Verde County, Texas; that while so engaged in working on said bridge it became the duty of the plaintiff to hoist and place in position a stringer, for the purpose of having the same reinforce and support a floor beam of said bridge; that in order to so hoist and place into position said stringer, it became necessary and was the duty of plaintiff to use for that purpose an implement or tool called a jackscrew, which was placed underneath said stringer, and by turning the lever thereof the stringer was raised; that while so engaged in turning the lever of said jackscrew for the purpose of hoisting said stringer as aforesaid, said lever by reason of its being unsuitable and unfit for use bent, thereby causing the same to slip out of said jackscrew, whereby plaintiff lost his balance or equilibrium, and he was hurled or fell from said bridge a distance of about thirty feet, striking the bottom of said canyon, which was composed of huge boulders of rock, and then and thereby grievously injuring, bruising and wounding plaintiff, as hereinafter more fully set out. Plaintiff says that the aforesaid jackscrew and the lever thereof were furnished by the defendant for use in and about the work upon said bridge; that said jackscrew, and particularly the lever thereof, was defective in this, that said lever should have been constructed of iron or steel sufficiently tough or hard not to have bent when plaintiff was using the same, whereas the said lever so furnished by the defendant and used by plaintiff as aforesaid was constructed of such soft material that it bent in use as aforesaid. Plaintiff says that such condition of such lever of such jackscrew was known to the defendant, or could have been known by the exercise of ordinary care, and that plaintiff did not know of such defective condition thereof, and that defendant was negligent in furnishing the same, and that this negligence directly caused or contributed to produce the injuries to plaintiff."

The first assignment complains of a portion of the first paragraph of the main charge, for the reason assigned that it made defendant liable if the lever bent and slipped out of the jackscrew, regardless of whether or not the bar slipped out by reason of its bending, or slipped out from any other cause. The fragment of the charge set forth in the assignment must be considered with the rest of it, and when so taken it is not open to this criticism.

As the second assignment questions another part of the same paragraph of the charge, we shall have to quote it: "If you believe from the evidence that on or about the 20th day of May, 1899, the plaintiff was in the employ of the defendant as a bridgeman, engaged in working on one of its bridges, and that it became the duty of the plaintiff to hoist and place in position a stringer of the bridge, and for that purpose it became necessary for the plaintiff to use and he did use a jackscrew and a lever, and the defendant furnished to plaintiff said jackscrew and lever for that purpose, and that plaintiff began turning the lever of said jackscrew in order to hoist said stringer, and while doing so said lever bent and slipped out of the jackscrew, and as a direct result of said lever slipping out of the jackscrew, if it did slip out, plaintiff lost his

balance and was hurled or fell from said bridge, and was injured as alleged in his petition, and you further believe from the evidence that the lever of said jackscrew was defective and unfit for the purpose for which it was being used, and not sufficiently tough and hard to use in hoisting the aforesaid stringer without bending, and that the defendant knew of such defect, if any, or could have known of it by the exercise of ordinary care, and that the defendant was negligent in furnishing said lever in such condition, if it was in such condition, and that this negligence of the defendant, if any, was the direct cause of the plaintiff's injury, and you further find that the plaintiff did not know of any defect in said lever, if any defect there was, and that plaintiff was not guilty of contributory negligence and did not assume the risk, then I charge you that your verdict must be for the plaintiff."

The second assignment is as follows: "The court erred in the first paragraph of the main charge wherein the jury was instructed: 'And you further believe from the evidence that the lever of said jackscrew was defective and unfit for the purpose for which it was being used, and not sufficiently tough and hard to use in hoisting the aforesaid stringer without bending, and that the defendant knew of such defect, if any, or could have known of it by the exercise of ordinary care, and that the defendant was negligent in furnishing said lever in such condition, if it was in such condition, and that this negligence of the defendant, if any, was the direct cause of the plaintiff's injury, * * * I charge you that your verdict must be for the plaintiff,'—in this, that the plaintiff specifically and particularly set forth the defect in the lever 'as being constructed of such soft material that it bent in use.' Having particularized this defect, and having alleged no other, the plaintiff was confined to this one defect, yet the court instructed the jury in the above charge to find for plaintiff if other and different defects existed than those alleged, as follows: '(1) If the lever of said jackscrew was defective and unfit for the purpose for which it was being used,' and (2) if said lever was 'not sufficiently tough and hard to use in hoisting the aforesaid stringer without bending.' That said charge was without pleadings to support it, and was misleading to the jury. Said charge was unauthorized by the evidence, in that the uncontradicted evidence showed that the lever in question was new; that it was manufactured out of the best known and obtainable steel; that defendant did not know and could not have known, by the exercise of ordinary care, that the same was defective, and it was error therefore to submit that question to the jury."

There are no propositions stated in the brief under this assignment. The paragraph which is copied above does not convey the idea that the jury could look to the general unfitness of the lever apart from the defect specified. No verdict could be found for plaintiff in accordance with this charge unless the jury found as a fact that the lever was not sufficiently tough and hard to use in hoisting the stringer without bending. Nor can we perceive any substantial difference between the defect alleged, viz., that the lever was constructed of such soft material that it

bent in use, and the defect submitted by the charge, viz., that it was not sufficiently tough and hard to use in hoisting the stringer without bending. In this connection we may add that the court, at defendant's request, gave a charge which in express terms required a verdict against plaintiff unless it was proved that the lever was made out of a material so soft that it bent in being used. We conclude that the charge did not vary from the pleading in submitting the issue of negligence; also that in view of all the charges given, it is altogether improbable that the jury could, under the charge, have considered any defect other than the one alleged.

The third assignment complains of this charge: "You are further charged that if you find from the evidence that at the time plaintiff received his alleged injuries he was experienced in the use of jackscrews and levers, and that at and before he used said bar the same was bent, and that plaintiff knew, or in the ordinary discharge of his own duty must necessarily have known, of the condition of said lever, then I charge you that plaintiff assumed all risks of injury by reason of using said lever in such condition."

We do not believe defendant has any right to complain of this charge. It misstates the law, but in favor of defendant. It proceeds upon the idea that if plaintiff knew the lever was bent, he being experienced in this class of work, he knew the danger and assumed the risks thereof. The defect in question being the defective material composing the lever, it does not follow as a matter of law that even the experienced servant would know of such defect and danger from simply observing that the lever was bent, but this is the meaning and effect of the instruction.

The fourth and fifth assignments complain of the charge respecting the measure of damages in that the jury were merely informed thereby of what matters they should take into consideration, without going further and giving some rule by which they were to measure the damages, such as finding a sum such as would compensate plaintiff. The charge was as follows: "If, in view of the foregoing instructions, your verdict be for plaintiff, and you award him damages, then, in fixing the amount of your verdict, you should take into consideration the physical and mental suffering endured by plaintiff, if any, consequent upon his injuries, and the loss of time, if any, consequent upon his injuries; and if you find that his injuries are permanent and will diminish his capacity to labor and earn money in the future, then this should be considered by you."

That the charge was correct so far as it went is admittedly so. It places limitation on the amount of recovery, and confines the jury to the subjects of consideration in this particular. No charge was requested by appellant on the subject. There was no error in the charge as given, and appellant is not in a position to charge error. The question has already been disposed of in the courts of this State. See Oil Co. v. Mann, 60 Texas, 648; Railway v. Freedman, 46 S. W. Rep., 101.

In view of the verdict and testimony, we conclude as facts that plain-

tiff received injuries by reason of the negligence of defendant, as alleged, without negligence on his part, thus disposing of the sixth and seventh assignments of error.

The judgment is affirmed.

*Affirmed.*