**WACHHOLDER v. KITCHENS et al.**
No. 13878.

Court of Civil Appeals of Texas.

Fort Worth.

March 17, 1939.

520

J. K. Brim, of Sulphur Springs, for appellant.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellees.

BROWN, Justice.

Appellees' property was damaged by the falling of the walls of appellant's two-story, brick building, during a fire that burned appellant's said building, in the City of Sulphur Springs, Texas. The allegations of the petition are, in effect, that appellant's building, and especially the second story, was constructed and maintained in a negligent manner, by reason of the fact that the second story walls were too thin and so negligently constructed that they had cracked, and were bulging, and out of line long prior to the fire, and appellant knew or must have necessarily known of such faulty construction and dangerous condition. The substance of appellees' pleading is that the negligence of appellant concurred with the fire in appel-

lant's building to bring about the injury to appellees' property.

The case was tried to a jury on special issues, and the jury found, in substance: (1) that the east wall of defendant's building, in view of its thickness, contained such breaks, cracks and outward bulges as that same rendered the condition of the wall dangerous and unsafe; (2) that the defendant knew, or in the exercise of ordinary care should have known, of such dangerous and unsafe condition of the walls; (3) that defendant was guilty of negligence in maintaining the wall in such condition; (4) that such negligence was the proximate cause of the injuries complained of; (5) that the damages to the plaintiffs' building amounted to $400 and to the personal property in the building, $150.

Being dissatisfied with the judgment rendered for appellees on this verdict, the defendant below, and appellant here, appealed to the Court of Civil Appeals for the Texarkana District, and the Supreme Court transferred the cause to this court.

Three propositions are presented, and we take them up in the order of presentation:

(1) Appellant contends that "There being no pleading or evidence to show that the fire was in any way brought about by defendant's fault, and the fire standing as an independent and intervening agency, without which defendant's negligence in regard to the wall would never have caused injury to plaintiffs, defendant was as a matter of law under no liability to plaintiffs and was entitled to have a verdict instructed in his favor."

■ One of the latest expressions from our Supreme Court is found in a case cited by appellant: the case of Missouri-Kansas-Texas R. Co. of Texas v. McLain, 105 S.W.2d 206, 208 (opinion by the Commission), but in that case the Supreme Court approved this holding: "Negligence creating a condition may become the proximate cause of an injury, even though the active cause is some intervening agency, if the fact of the intervening agency could have been under all the circumstances reasonably anticipated."

On this doctrine we stand, and we believe the pronouncement of the Supreme Court decisive of the cause before us.

Every day, human experience tells us that fires are common in our towns and cities. They may be expected at any time

and should be anticipated. There would be no need of fireproof construction in our towns and cities to prevent great loss from fires, were this not true.

Furthermore, we, all of us, know that the rates of fire insurance on buildings are dependent largely upon this common, human experience and on the condition of the particular building to be insured and its proximity to other buildings. The annual fire loss in Texas is a constant reminder of the inescapable facts.

We hold that appellant ought reasonably to have foreseen that a fire might occur in his building, or even in some building adjoining it, that would destroy it. The fire broke out in the upper story that was vacant and, as appellant testified, locked. Appellant cannot be heard to say that he never thought such a fire would happen.

Appellant is, indeed, a notable exception, if he did not carry fire insurance upon his building.

The Fire Chief of the city testified that he had fought more than two thousand two hundred fires within the last thirty-five years, and that appellant's building had been constructed for eighteen or twenty years.

■ Most assuredly it was proper, under all of the facts and circumstances, for the jury to say whether or not appellant ought to have reasonably anticipated that a fire would be likely to occur in his building.

This being true, we come to the proposition that the fire, which ought reasonably to have been foreseen, was a concurring cause in bringing about the injuries complained of.

The testimony was sufficient to establish in the minds of the jury the fact that, should a fire occur in appellant's building, his walls were in such a condition that they would not stand but would fall, and the testimony concerning the bulge in the wall was sufficient to show that it would in all likelihood fall upon appellees' building.

We overrule appellant's contention that he was entitled to an instructed verdict, under the facts and circumstances shown on the trial of the case.

■ (2) The next proposition is: "The testimony given by George Murrell, W. H. Miller and W. P. Thompson in this case was wholly inadmissible insofar as they expressed their opinions on the various matters testified about in view of the fact

that they had never been properly qualified as expert witnesses."

This proposition refers to eleven assignments of error, some touching on what Murrell said, some on what Miller said and some on what Thompson said.

If we are called upon to consider these separate and distinct eleven matters, or issues, hurled at us in one charge, we find that we must read the entire transcript and statement of facts, because appellant's brief is not full enough to present all of these eleven issues and matters.

Trying to be as liberal as our Supreme Court is endeavoring to be, we have made the full examination required and we find that the objection goes no further than to the weight of the testimony, not to its admissibility.

One of these witnesses was the building inspector, fire chief and fire marshal of the city; another was a carpenter and contractor, of at least twenty years' experience in erecting brick and frame buildings; the other was a brickmason with thirty-six years' experience.

These men were certainly experienced in their particular callings and vocations, and the trial court did not err in permitting them to express their opinions about the matters testified to by them.

Furthermore, the testimony they gave was not the only testimony adduced to show the condition of the building and no complaint is made of the testimony of other witnesses. We may add, also, that in the statement of appellant's brief only a small portion of the testimony of the witnesses, Murrell and Miller, is attempted to be shown, while the statement of facts discloses about forty-three pages of testimony given by Murrell and about twenty-nine pages given by Miller, and the brief attempts to give an eight-line summary of about twelve pages of testimony given by Thompson.

We find no merit in the second proposition.

(3) The third proposition asserts that: "This case must be reversed and remanded because the court erred in failing to submit to the jury a proper measure of damages."

This proposition refers us to assignments of error Nos. 32, 33 and 46.

No. 32 simply asserts that the trial court erred in submitting question No. 5 to the jury, viz: "What amount of damages do you find from a preponderance of the evidence the plaintiffs have suffered to their building? Answer in dollars and cents."

No. 33 asks about the damages to the personal property, and we do not care to comment upon it, as no objection to such issue is presented in appellant's brief, and he relies solely on his attack upon the giving of said quoted issue No. 5.

Now assignment of error No. 46, to which the proposition urged refers, asserts that the trial court "erred in overruling and refusing the defendant's exceptions and objections to the court's charge", as follows: "Defendant excepts and objects to the submission of Question No. 5 as submitted in said charge because the same is upon the weight of the evidence and places an undue burden upon the defendant, and should not be given."

█ The appellate courts of this state have, in recent years, recognized the fact that the lawyers who appear as counsel for litigants are officers of the court, who owe the trial court the duty to point out in plain language the specific objections they have to the court's charge. The right to make objections to the charge was given for two very good reasons: 1st, to protect the litigant by assuring him that his case will be properly presented to the jury, and 2nd, to assist the trial court in the submission of a proper charge to the jury.

█ It never was intended that an objection, which is general, one that does not specifically call to the trial court's attention the defect urged, but which serves, by its general statements, merely to trap the trial court, should furnish a proper ground for reversal of a case.

The issue before us and before objecting counsel simply asked the jury, "What amount of damages do you find from a preponderance of the evidence the plaintiffs have suffered to their building?"

The testimony is undisputed that the building was damaged by appellant's wall falling upon it. There was no controversy over that fact. All of the evidence adduced before the jury was predicated upon the proper measure of damages, viz: the difference between the reasonable market value of the property immediately before, and that immediately after the injury done to it. There was no other evidence before the jury, and the finding made to the issue

was far under the proof made by some witnesses. The jury showed conservatism, by its answer and evidenced no desire to find as much damages as some of the testimony warranted. On the other hand, the jury assessed the damages at approximately the amount testified to by appellant's witness, who gave the lowest figures.

 We fail to see wherein the charge "is upon the weight of the evidence". The trial court has not commented, nor has he intimated a comment, upon the evidence. He asked the jury to find the damages done, from a preponderance of the evidence which was adduced before them, and that evidence was exactly the kind required by law to raise the issue.

We fail to see where the charge "places an undue burden upon the defendant".

The charge places no burden upon the defendant. The burden of establishing the amount of damages is properly placed, in the charge, on the plaintiff.

We have seen that the objection to the charge makes no mention of the measure of damages. Appellant did not request the trial court to submit a proper measure of damages.

For a typical case, in our Supreme Court, where the rule is invoked as to the duty to point out clearly and distinctly the error in the charge, see Isbell et al. v. Lennox et al., 116 Tex. 522, 295 S.W. 920, where the statutes and authorities are reviewed.

We do not believe the objection made to the charge reaches the point raised before us, viz: the proper measure of damages. Armingen et al. v. Martin et al., Tex.Civ.App., 252 S.W. 1109, writ dismissed.

In Karotkin Furniture Co. v. Decker, Tex. Civ.App., 32 S.W.2d 703, the court held that an objection to a charge, that it is upon the weight of the evidence, without specifications showing why, is too general to require consideration. The case was affirmed in Tex.Com.App., 50 S.W.2d 795.

Vol. 3, Texas Juri., pp. 212-215, para. 141, and many cases cited, condemn the identical objections made and presented here to us.

A case close akin to the instant case is Hall's Bayou Realty Corp. v. James, Tex. Civ.App., 107 S.W.2d 1113, writ dismissed; and we wish to say that we heartily agree with the conclusions reached by Mr. Justice Cody, in speaking for the Galveston Court. See, also, Austin St. Ry. Co. v. Oldham, Tex.Civ.App., 109 S.W.2d 235 writ refused; Texas Mexican R. Co. v. Bell, Tex.Civ.App., 110 S.W.2d 199, writ dismissed; and Young v. Massey, Tex.Civ. App., 95 S.W.2d 542, affirmed 128 Tex. 638, 101 S.W.2d 809.

Furthermore, as we view the charge under consideration, the matter actually complained of in the brief, although not specifically raised in the written objection to the charge, is one of omission. That the trial court has omitted to give the jury a proper measure of damages.

We view this as a case where a specific request for a charge on the proper measure of damages should have been made by appellant. This he did not do before the charge was read to the jury, and he cannot be heard to complain here.

Such cases as Dallas Consol. Electric St. R. Co. v. Motwiller, 101 Tex. 515, 521, 109 S.W. 918; Galveston H. & S. A. R. Co. v. Grenig, Tex.Civ.App., 142 S.W. 135, writ refused; and St. Louis S. W. Ry. Co. v. Freedman, 18 Tex.Civ.App. 553, 46 S.W. 101, writ refused, seem decisive of the question.

Finding no error, the judgment is affirmed.