Wheelek, J.
The defendant brings up this case by writ of error, and contends that the judgment of the district court ought to be reversed, because from the petition, it appears that he was sued in a county other than that of his residence (insisting that the statute which authorized the judges to be so sued was unconstitutional) and because of certain other alleged insufficiency and error in the petition and proceedings, which in the view of the case we have taken become wholly immaterial and need receive no further notice.
Had there been a judgment below upon the exceptions to the sufficiency in law of the petition, or had' it been brought to the attention and consideration of the court, then other and different questions would now be presented. That, however, was not the case, but it was permitted to pass unnoticed until it is now first insisted upon *(373) in this court.- "We have already, in substance, decided in Mims v. Mitchell, and it may be proper here to repeat in terms more explicit, that where exceptions were filed, but not relied on below, and the parties proceeded to a trial of the issues of fact, the record being silent as to any judicial action either sought or had upon the issues of law, they will be considered as waived and will not be the subject of revision here. It has been the uniform practice of this court, where exceptions have been filed, but no notice subsequently taken of them, to proceed and dispose of the cause as though no such exceptions had ever been filed. Air opposite practice would be productive of great inconvenience and injustice and might involve us in the exercise of original jurisdiction. In Campbell v. Stokes, in the court of error of the state of New York (2 Wend. 145-6), that court says: “ It is the settled practice of this court not to review a decision or judgment of the court below, where the question has not been actually passed upon or distinctly presented to the court below.” And the reason assigned is, that “it was evidently the intention of the framers of the constitution that it should be strictly an appellate court.” Among the references there made is the case of Gelston v. Hoyt, 13 Johns. 361, where it was decided that the plaintiff in error could not take advantage in that court of an erroneous decision of the court below on demurrer, when he had declined arguing the demurrer in the court below.
There is, as was said in this case (Campbell v. Stokes), another class of cases of an entirely different character and in which the practice must in some measure be regulated by the sound discretion of this court. “These are cases which the court below has passed upon, but in which this court is asked to reverse or modify the decision upon some new point not urged upon the consideration of the court, upon the arguments of the cause in the court below. * * * This court, in general, will not sustain an illegal judgment merely because the plaintiff in error has neglected to urge every valid objection which might have been insisted on byway of argument in the court below.”
It was of one of this class of cases (Palmer v. Lorillard, 16 Johns. 343), that Chancellor Kent said: “It does not come within the rule that an objection not taken in the court below cannot be taken here. That rule was intended only to-be applied to objections which the party may be deemed by his silence to have waived, and which, when waived, still leave the merits of the case to rest with the judgment. But if the foundatiovi of the action has manifestly failed, we cannot, without shocking the common sense of justice, allow a recovery to stand.” 16 Johns. 343; 9 Pet. 503.
That th & foundation of the action has failed in the case before us, ' *(374) there can be no pretense. The defense relied on under the exception (that is, that the party was not sued in the county of his residence) does not go to the ccmse or foundation of the action, but only to the venue or place of asserting it. Had it not appeared by averment in the petition, it could only have been available by plea in abatement. It is believed that no principle or precedent will be found to authorize the revision here of such an exception —an exception merely dilatory in its character, not designated in the general exception filed below, not even intimated there; but first raised in this court, after a trial had below upon the merits on issues of fact there presented, going directly to the cause of action.
We must presume that had the attention of the court below been directed to the exception now insisted on, that court would have sustained the exception, and that the result would have been the termination there of that suit, unless the law had been ascertained to be with the plaintiff. The decision of the court would then have been the subject of our revision, and inquiry would have been directed to the questions now presented in argument. We have, also, repeatedly decided that when there is neither a statement of facts nor bill of exceptions, nor any error disclosed by the record, we must presume that the verdict and judgment below were rightly rendered; and upon sufficient legal testimony.
There being in the record no statement of facts, bill of exceptions or error apparent, we are of opinion that the judgment be affirmed.