WESTERN UNION TELEGRAPH CO. v. FOREST.

(Court of Civil Appeals of Texas. Galveston. April 10, 1913.)

1. APPEAL AND ERROR (§ 501*)—QUESTIONS REVIEWABLE—WAIVER.

Where the judgment recited that when the cause came on to be heard both parties appeared by their attorneys and announced ready, and the court asked the attorneys if there were any preliminary law questions to be determined, and that the attorney for defendant responded that there was a general demurrer and special exceptions, but did not read them to the court, but said that the court could pass on the exceptions, whereupon the court overruled them, the special exceptions were not waived, within the rule that, unless special exceptions are shown by the record to have been presented in the trial court and acted on, the appellate court will not consider the assignments based thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. APPEAL AND ERROR (§ 518*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Under Rev. St. 1895, art. 1364, providing that where the ruling appears otherwise of record no bill of exceptions shall be necessary to preserve an exception, and district court rule 53 (142 S. W. xxi), declaring that bills of exception need not be taken to the judgment of the court rendered on those matters which, at common law, constitute the record proper, the overruling of special exceptions to the petition need not be excepted to, and the ruling need not be incorporated in a bill of exceptions, and is reviewable where the motion for new trial sets out that the court erred in overruling the special exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2355; Dec. Dig. § 518.*]

3. TELEGRAPHS AND TELEPHONES (§ 65*) — DELAY IN DELIVERY OF MESSAGES — ACTIONS—PETITION—SUFFICIENCY.

A petition, in an action for delay in the delivery of a message announcing the fatal illness of plaintiff's child thereby preventing him from seeing the child alive, which merely alleges in general terms that if the message had been promptly delivered he could and would have reached the child before death, is subject to special exception for failing to allege when, where, and in what manner he could have reached the child before death if the message had been promptly delivered.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

4. TRIAL (§ 255*)—DELAY IN DELIVERY OF TELEGRAPH MESSAGES — EVIDENCE — INSTRUCTIONS—REQUESTS.

Where the evidence, in an action against a telegraph company for delay in delivery of a message, called for an instruction as to the company's office hours at an office, it should have asked a special charge covering the point, and where it failed to do so it could not complain on appeal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by Walter Forest against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Hume & Hume, of Houston, for appellant. Marshall & Harrison, of Liberty, for appellee.

REESE, J. This is an appeal from a judgment of the district court in favor of appellee and against appellant for $1,995 as damages for the negligent failure of appellant to deliver promptly a telegraphic message sent by the wife of appellee at Groveton, Tex., to appellee at Milvid, Tex., in the following words: "Baby is a good deal worse. Don't expect he will live through the night." The message was received at Milvid at 5:35 p. m. May 18, 1909, and was not delivered to appellee until the next morning about 8 o'clock. No negligence is charged in the transmission to Milvid. It was alleged that if it had been promptly delivered at Milvid appellee could and would have reached the bedside of his infant child some six hours before its death, which occurred at Groveton at 6 o'clock a. m. of the 19th. The case was tried with a jury with the result stated.

The petition alleged, in general terms, that if the defendant had used ordinary diligence to deliver the message plaintiff could and would have reached Groveton in time to have been with his sick child before his death, that the child died about 6 o'clock a. m. May 19, 1909, and plaintiff could and would have reached Groveton and the bedside of his child about 12 o'clock on the night of May 18th. Appellant, in addition to a general demurrer, filed a special exception to the petition on the following grounds: "It is not alleged therein by what particular means, or over what particular railroad connections, or on what particular train plaintiff could and would have traveled or used or availed of to make the trip from Milvid to Groveton, Tex., for the purpose alleged; wherefore," etc. With regard to this special exception the judgment is a rather peculiar one. It declares as follows: "On this 28th day of February, 1912, this cause came on to be heard, and both parties appeared by their attorneys and announced ready for trial, whereupon the court asked said attorneys if there were any preliminary law questions to be determined and heard by the court, to which the attorney for the defendant responded that there was a 'general demurrer and special exceptions,' but that he, said attorney, did not read them to the court, but said that the court could pass upon said exceptions. Whereupon the court said, 'Well, then, I will overrule them.'" This is all that appears.

[1, 2] The second assignment of error complains of this ruling of the court. In the motion for a new trial, as one of the grounds thereof, appellant sets out that "the court erred in overruling defendant's first special exception." There was only the one above set out.

In answer to this assignment of error it is contended by appellee that the record does not show that the special exception was presented and acted upon, and therefore must be presumed to have been waived, and to support such contention decisions are cited which hold generally that, unless special exceptions are shown by the record to have been presented in the trial court and acted upon, the appellate court will not consider assignments of error based thereon. The rule is well settled, but we do not think this case comes within the rule. An examination of the authorities cited and relied upon by appellee will show this.

In Jones v. Black, 1 Tex. 527, the law is thus stated: "Had there been a judgment below, upon the exceptions to the sufficiency in law of the petition, or had it been brought to the attention and consideration of the court, then other and different questions would now be presented. That, however, was not the case, but it was permitted to pass unnoticed, until it is now first insisted upon in this court. We have already, in substance, decided in Mims v. Mitchell [1 Tex. 443], and it may be proper here to repeat in terms more explicit, that where exceptions were filed, but not relied on below, and the parties proceeded to a trial of the issues of fact, the record being silent as to any judicial action either sought or had upon the issues of law, they will be considered as waived, and will not be the subject of revision here. It has been the uniform practice of this court, where exceptions have been filed, but no notice subsequently taken of them, to proceed and dispose of the cause as though no such exceptions had ever been filed."

In Mims v. Mitchell, 1 Tex. 443, the ruling of the court is sufficiently expressed in the syllabus: "Exceptions to pleading, which do not appear from the record to have been relied on in the court below, will be considered as waived." Other authorities cited follow this rule.

The judgment from which we have quoted speaks for itself. It simply shows that the special exception was called to the attention

of the trial court but was not read. It was distinctly overruled. No other effect can be given to the language of the court quoted in the judgment than to overrule the exception. It was effectual as a judicial declaration to that effect. The court certainly did not treat it as waived. We must presume either that the substance of the exception was stated to the court, or that the court acted blindly and overruled it without ascertaining or inquiring as to the grounds thereof. It is not stated in the judgment that the grounds of the exception were not stated, which would have been sufficient; and in the absence of such a showing from the record we will not presume the other alternative that the court, after having its attention called to the exception, overruled it without inquiring as to the substance of it. The assignment of error and motion for a new trial are sufficient to present the point. It was not necessary that appellant should have excepted or had the ruling incorporated in a bill of exceptions. Article 1364, R. S.; Rule 53 of District Court (142 S. W. xxi).

[3] Coming to the merits of the assignment of error, we think it is ruled by Telegraph Co. v. Mitchell, 91 Tex. 454, 44 S. W. 274, 40 L. R. A. 209, 66 Am. St. Rep. 906. In that case plaintiff sued for damages arising out of negligent delay in transmission and delivery of a telegraphic message, the purpose of which was to apprise him of the immediate necessity of arranging for water for his cattle at his ranch. It was alleged that, "if the message had been delivered in a reasonable time, the plaintiff would have gone to the ranch at once and could and would have made arrangement for water for his cattle." It was not averred that he could and would have made any particular arrangements with any particular person in order to procure the water, nor what kind of arrangements could have been made. Defendant specially excepted to the petition "because it is not alleged therein when, where, and in what manner he could have arranged to get water for his cattle," etc. In answer to certified questions the Supreme Court held that the trial court erred in overruling the special exception. What is said in the opinion is exactly applicable to the present case. The court erred in overruling the exception.

[4] If the evidence as to appellant's office hours at Milvid called for an instruction on this point, appellant should have asked a special charge covering the point. The question is presented by the seventh assignment of error, which is overruled. See Telegraph Co. v. Vance, 151 S. W. 904, present term.

Other errors assigned need not be passed upon.

The verdict and judgment for $1,995 are complained of as excessive. In view of an-other trial we do not deem it improper to say that in the circumstances shown by the evidence the amount awarded is much larger than the evidence warrants, even under the latitude allowed to juries in fixing the amount of the damages in cases of this kind.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.