HOUSTON TIE & LUMBER CO. v. HANKINS et al. (No. 280.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 20, 1917. Rehearing Denied Jan. 23, 1918.)

1. APPEAL AND ERROR ⬤⟹242(3) — SCOPE — PRESERVATION OF EXCEPTIONS—RECORD.

In the absence from the record of the ruling by the trial judge on a general demurrer and in the absence of any exception relating thereto, the court's action, if any, could not be considered on appeal.

2. APPEAL AND ERROR ⬤⟹273(2) — SCOPE — PRESERVATION OF EXCEPTIONS—RECORD.

If plaintiff in action for damage to machinery claimed improper measure of damages, it was incumbent on defendant to call attention to the defect in the petition by means of special exception invoking the court's action thereon.

3. APPEAL AND ERROR ⬤⟹1013—REVIEW—EXCESSIVE AND INADEQUATE DAMAGES.

Where the testimony variously indicated plaintiff's damages to be more or less than $600, the award of such a sum would not be reversed merely because no witness estimated the damages at exactly $600.

4. APPEAL AND ERROR ⬤⟹733—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

An assignment of error that the court erred in rendering judgment for the plaintiff because the judgment is contrary to law and not based on the evidence is too general to demand consideration.

Appeal from District Court, Tyler County; W. R. Blackshear, Judge.

Action by John W. Hankins against the Houston Tie & Lumber Company, in which the M. Rumley Company intervened. From the judgment, defendant appeals. Affirmed.

R. A. Shivers, of Woodville, and R. W. Franklin, of Houston, for appellant. J. A. Mooney, of Woodville, for appellees.

HIGHTOWER, C. J. This was a suit filed in the district court of Tyler county by appellee John W. Hankins, as plaintiff, against Houston Tie & Lumber Company, a corporation, and since one of the assignments of error, as best we can understand, challenges the sufficiency of the plaintiff's petition as showing any right of recovery against said defendant, we here set out the plaintiff's petition, omitting the formal parts, as follows:

"For cause of action plaintiff says that he and defendant made and entered into a contract in writing, a substantial copy of which is attached hereto marked Exhibit A, and made a part hereof; that soon after its date in August, 1916, this plaintiff delivered to the defendant in Tyler county, Tex., one certain engine and boiler and attachments thereto, and all the sawmill equipments, which was of the value of $2,000; that the defendant promised and agreed to deliver to this plaintiff the said property above described at any points on the railroad in Tyler county,

to be designated by the plaintiff, in as good condition as when received by it, ordinary wear and tear excepted; that said delivery was to be made on the 1st day of January, 1917; that said contract has been breached, and the defendant has failed and refused to deliver said property as contracted and agreed upon; that said property was destroyed by fire and rendered wholly unfit for any use whatever as sawmill property, and the defendant is unable to perform its contract as aforesaid, and plaintiff now sues for the value of said property as above set out.

"Premises considered, plaintiff prays for citation against the defendant, and upon a hearing that he have judgment for his debt and for such general and special relief in law and equity as he may be entitled to."

The written contract mentioned in the foregoing petition and attached thereto and designated as Exhibit A is in the record, but, in view of the disposition that we have decided to make of the case, we think it is unnecessary to set out the contents of this written contract.

The defendant, Houston Tie & Lumber Company, answered by general demurrer and general denial. It appears from recitals in the trial court's judgment that the M. Rumley Company, a corporation, intervened in the suit, alleging that said company had a mortgage upon the property mentioned in plaintiff's petition, and adopted the allegations of plaintiff's petition, and prayed for relief and protection as mortgagee, etc. We are unable to discover the intervener's petition in the transcript in this case, and are only apprised of the intervention by the recitals in the judgment, as before stated.

The cause was tried before the court without a jury, and judgment was rendered and entered for the plaintiff, John W. Hankins, and said intervener, M. Rumley Company, against said defendant, Houston Tie & Lumber Company, for damages in the sum of $600 and costs of suit, to which judgment Houston Tie & Lumber Company duly excepted and gave notice of appeal to this court, which appeal has been duly perfected.

There were no findings of fact or conclusions of law filed by the trial court. The first assignment of error found in appellant's brief is as follows:

"The court erred in rendering judgment for the plaintiff, because the plaintiffs had no pleadings sufficient to entitle them to a judgment or upon which judgment might be based."

This assignment is submitted as a proposition. As we construe this assignment, it could only mean that the petition of the plaintiff below, John W. Hankins, who is one of the appellees here, was insufficient in law to show any cause of action as against appellant, and that therefore the same was subject to appellant's general demurrer, and that such demurrer should have been sustained.

[1] In reply to this complaint, it will suffice to say that we find nowhere in the record a ruling by the trial judge upon this

general demurrer, nor any exception reserved by appellant in that connection. We therefore cannot consider any action on the part of the trial court upon this demurrer, if any was had, and the assignment, for that reason, is overruled.

[2] There is a second proposition under this assignment, which is as follows:

"The court should reverse this case because there is error on the face of the record in this: The petition does not allege any proper or correct measure of damages, as it alleges that the value of the property was $2,000, and that the appellant refused to deliver the same, because it had been destroyed by fire, which had rendered it wholly unfit for any use whatever as sawmill property, but does not allege that the property had no value, or that it could only be used for sawmill purposes, and the proof showed it did have value."

If it be true that the plaintiff's petition claimed an improper or incorrect measure of damages, as insisted by this proposition, then we think it was incumbent upon appellant, or at least appellant should have called attention to such defect in the petition, or improper claim of damages, by means of a special exception directed against the plaintiff's pleading, and the action of the court should have been invoked thereupon. There is nothing in the record to show that this was done, and the complaint in this connection does not point out "error apparent on the face of the record." Appellant has cited this court to no authority sustaining his contention in this connection. The assignment is overruled.

[3] The second assignment is as follows:

"The court erred in rendering judgment for the plaintiff for $600, for the reason that there was no evidence upon which a court could base a judgment for said amount, and could only have been based on the court's private opinion of what must have been the damage, without evidence upon which to rest his judgment."

The assignment is submitted as a proposition.

We have examined the statement of facts in connection with this assignment, and while we find that no witness fixes the damages to the property in question at exactly the sum of $600, yet we find from the statement of facts that there is evidence in the record which would have warranted the trial court in fixing the appellees' damages at a sum in excess of $600, and also testimony which would have warranted the court in fixing such damages at a less sum than $600. This being true, we think that it cannot be successfully contended that the court was not warranted in fixing appellees' measure of damages, and awarding him the sum of $600.

The third assignment is:

"The court erred in rendering judgment for the plaintiffs for the reason that plaintiff failed to fix a measure of damages."

This is also submitted as a proposition. What we have said in reference to the sec-

ond assignment of error necessarily disposes of this assignment, and the same is overruled.

[4] The fourth assignment of error is:

"The court erred in rendering judgment for the plaintiff, because the judgment of the court is contrary to law, and not based on the evidence."

This assignment is also submitted as a proposition. We think that this assignment and proposition are entirely too general to demand the consideration of this court, and the same are overruled.

The fifth assignment of error is:

"The court erred in rendering judgment for the plaintiffs, because it is made the duty of the plaintiff to make out his case by a preponderance of the testimony, and show by testimony the difference between the value of the engine and boiler at the time of the lease and at the time it was tendered back to them, and in this plaintiff failed completely."

This assignment is also submitted as a proposition. We have examined the record in this case in connection with this assignment, and have concluded that there is evidence in the record upon which the trial court was enabled to determine the difference in value of the machinery in question at the time it was turned over to appellant and at the time it was returned to appellee. This was an inquiry touching a matter of fact for the decision of the trial court, and the state of the evidence was such that the trial court could determine, with reasonable certainty, what the value of this machinery was at the time of its delivery to appellant, and also what its value was at the time of its return to appellee, and the court having, in effect, so determined by its judgment in this case, the assignment presents no error, and is overruled.

There being no reversible error pointed out in appellant's brief, the judgment of the trial court is affirmed.