St. Louis, Brownsville & Mexico Railway Co. v. Elbert Webber.

No. 4405. Decided March 26, 1919.

**Practice on Appeal—Bill of Exceptions—Change of Venue.**

Exceptions to the ruling denying an application for change of venue should be saved by bill taken at the same term of court, showing the evidence and ruling, or be raised by motion for new trial if hearing on the merits was at a subsequent term. In the former case it would not be necessary to present them again by motion for new trial in order to assign the ruling as error; but where not preserved in the record in either way it was not made assignable as error by a general exception to the judgment on its merits, which did not involve a ruling on such application. (P. 384.)

Motion for rehearing of application for writ of error to the Court of Civil Appeals for the Ninth District, in an appeal from Harris County.

The appellate court had refused to consider an assignment of error in overruling appellant's application for change of venue. Webber sued the railway company for personal injuries and recovered judgment. Defendant appealed, and on affirmance applied for writ of error. The application was refused without written opinion but this opinion was delivered on the applicant's motion for a rehearing thereon.

*Andrews, Streetman, Burns & Logue,* for appellant, cited: Arts. 1990, 1991, Rev. Civ. Stats. of Texas; Adkins v. Ware, 35 Texas, 577; Silliman v. Gano, 90 Texas, 637; Craver v. Greer, Sup. Ct., 179 S. W., 862; Varley v. Nichols-Shepard Sales Co., 191 S. W., 611; American-Rio Grande Irrigation Co. v. Mercedes Plantation Co., 155 S. W., 286; Hess & Skinner Engineering Co. v. Turney, 207 S. W., 171.

*Presley K. Ewing, L. E. Blankenbecker,* and *Ewing Werlein,* contra.— That the plea will be waived by not pursuing the proper methods pro-

vided by the law as to it, for its review, has often been held. (Morris v. Runnels, 12 Texas, 175; Ryan v. Jackson, 11 Texas, 391; Burnley v. Cook, 13 Texas, 586; Houston & T. C. Ry. Co. v. Graves, 50 Texas, 181, 201; Masterson v. Ashcom, 54 Texas, 324; Sanger v. Overmier, 64 Texas, 57, 59; Watson v. Baker, 67 Texas, 48; Bonner v. Hearne, 75 Texas, 242, 251; Swearingen v. Wilson, 21 S. W., 74, and Logan v. Texas Bldg. Assn., 28 S. W., 141.)

The bill of exceptions to the interlocutory overruling of the plea of privilege for change of venue not having been taken until a later term, after several intervening terms, came too late to be considered. Marshall v. Spillane, 27 S. W., 162; Waco Ice & Refrigerating Co. v. Wiggins, 32 S. W., 58; Levy v. Lupton, 156 S. W., 362; Am. Warehouse Co. v. Ray, 150 S. W., 763; 3 Ency. of Pl. & Pr., p. 466.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Had there been preserved in the record the order or judgment of the trial court showing its action in overruling the defendant's plea of privilege and that exception was taken thereto, the defendant, on its appeal, would have been entitled to have considered its assignment of error challenging the court's action in that regard without further exception or addressing a motion for new trial to the ruling. With a judgment, taken from the minutes of the court, revealing the court's action, it would have sufficiently appeared of record, rendering a formal bill of exception useless and unnecessary. The hearing on the plea having been before the court and the court having acted, there was no need to again bring the matter to the court's attention by a motion for new trial. The record here, however, does not contain the order of the court on the plea, nor does it show any proper exception to the court's action in overruling it. Attempt was made to preserve a record of the court's action by means of a bill of exception filed to the succeeding term of the court at which the trial on the merits was had. The ruling would have been reviewable under a proper bill of exception filed to the term at which it was made, but it was clearly not reviewable under a bill of exception filed to a succeeding term.

The judgment of the court entered on the verdict of the jury in nowise reflected its action at the previous term on the plea of privilege, and excepting to that judgment did not, therefore, amount to an exception to its ruling on the plea. It was for these reasons that we sustained the action of the Court of Civil Appeals in its declining to consider the assignment of error touching the plea of privilege through our refusal of the writ of error.