## WILLIS v. GRAF. (No. 2803.)*

(Court of Civil Appeals of Texas. Texarkana. Nov. 7, 1923. Rehearing Denied Nov. 22, 1923.)

1. Appeal and error ⟊10—Mandamus remedy for refusal to enter of record ruling on demurrer.

Mandamus, and not appeal, is the remedy for correcting an error in refusing to have entered of record, a ruling made on demurrer, forming the basis of appeal; such ruling being a judgment, forming a part of the record, to be thus entered under direction of the trial court, an act purely ministerial and involving no judicial discretion. (Rev. St. arts. 1694, 1727.)

2. Appeal and error ⟊713(3)—Ruling on demurrer, not appearing in record proper, not reviewable.

Assignment of error to a ruling on demurrer cannot be considered, the record proper not containing such an order; a bill of exceptions not being available to present a ruling, which the statute requires to be entered of record in the trial court.

On Motion for Rehearing.

3. Appeal and error ⟊713(3)—Rulings on pleadings not presentable by bill of exceptions.

Under district and county court rules 53–55, objections to judgments on pleadings, that is as to their legal sufficiency, may not be presented on appeal by bill of exceptions; rulings of that character being judgments which at common law constituted a part of the record proper in the appeal.

4. Courts ⟊472(4)—District court held to have jurisdiction in foreclosure suit, though involving claim against decedent's estate.

It being necessary in a foreclosure suit to adjust the equities between different lienholders, the district court may assume jurisdiction, though the controversy involve a claim against a decedent's estate.

5. Appeal and error ⟊221—Error in entering personal judgment in foreclosure suit held fundamental.

Error in entering personal judgment in foreclosure suit against a defendant, not alleged to be personally liable for the debts evidenced by the secured notes, is fundamental.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by F. C. Graf against Claude A. Willis and others. From adverse judgment, the named defendant appeals. Modified and affirmed.

Chancellor & Bryan, of Bowie, and M. W. Burch and McMurray & Gettys, all of Decatur, for appellant.

Donald & Donald, of Bowie, for appellee.

HODGES, J. On December 1, 1915, the appellant, Willis, executed a promissory note for the sum of $7,500, with 8 per cent. interest from date, payable to the order of the Texas Land & Mortgage Company on December 1, 1925. The interest was payable annually on the 1st day of December. The note contained the further stipulation that, upon default of payment of any installment of interest, the entire debt should become due and might be collected. The usual 10 per cent. attorney's fees were provided for in the event the note was placed for collection. This debt was secured by a deed of trust on 1,877 acres of land then owned by Willis and situated in Montague county. In December, 1921, the appellee acquired this note and mortgage by assignment from the Texas Land & Mortgage Company. In March, 1918, Willis sold and conveyed the land described in the deed of trust to J. E. Mitchell. The consideration of the transfer was the assumption by Mitchell of the $7,500 note and the execution of other notes payable to Willis and secured by a vendor's lien on the same land. In January, 1916, Mitchell executed two other notes, one for $2,000, and the other for $400, payable to R. E. Fisher, and due January 1, 1921. These notes were secured by a mortgage on another tract of 315 acres of land then owned by Mitchell and situated in Montague county. These two notes also contained the stipulation for the payment of attorney's fees if placed for collection. Some time after their dates these notes were acquired by the appellee, Graf. The notes executed by Mitchell to Willis were secured by a junior mortgage on the same 315-acre tract of land. A third mortgage was also given thereafter by Mitchell to secure an indebtedness held against him by the City National Bank of Bowie, Tex. On December 15, 1921, Graf, the appellee, caused suit to be filed on all of the notes held by him, and sought a foreclosure of his lien on both tracts of land. Mitchell having died, his wife and children were made parties defendant, together with C. H. Bodoeker, as temporary administrator of Mitchell's estate. Willis and the City National Bank of Bowie were also joined as defendants, upon the ground that they were claiming junior liens against the property.

It was alleged in the plaintiff's petition that default had been made in the payment of the installment of interest on the $7,500 note which was due on December 1, 1921; that plaintiff had exercised his option to declare the entire debt due, and had placed the notes in the hands of an attorney for collection. It was also alleged that the other two notes were past due, and that they had been placed in the hands of attorneys for collection. In the prayer for relief no personal judgment was sought against Willis.

Bodoeker answered stating that his term as temporary administrator had expired and that he had no interest in the suit. The tran-

script contains no answer by the wife and children of Mitchell, or by the bank. It does contain, however, a lengthy answer filed by Willis, in which he alleged as his main defense against the plaintiff's suit an agreement made between Mitchell and the mortgage company to extend the time for the payment of the $2,400 indebtedness to January 1, 1922. He also pleads an agreement made between him and the mortgage company to extend the time for the payment of the installment of interest due December 1, 1921, to January 1, 1922. He further pleads that he had tendered payment of the accrued interest on the $7,500 note on December 20, 1921, before its maturity according to agreement, and that on the 28th day of the same month he had tendered $2,616, the principal and interest due on the other two notes. He then pleads his own claims against Mitchell, and asks for a foreclosure of his lien. He continues his tender of the sums admitted to be due according to his construction of the agreement.

To this answer the plaintiff filed a supplemental petition containing general and special exceptions. The record, however, contains no order showing that these were passed upon in the trial.

The case was submitted to the court without a jury, and a judgment rendered in favor of Graf foreclosing his liens and making his debts—principal, interest, and attorney's fees—a prior demand on proceeds resulting from the sale of the property. A judgment was also rendered in favor of Willis, foreclosing his liens and directing that his debts be paid out of any surplus remaining after satisfying the claims of Graf.

Willis alone has appealed. He filed numerous assignments of error, attacking alleged rulings of the court in sustaining the plaintiff's exceptions to his answer. The record also contains a lengthy bill of exceptions presented by Willis, in which he sets out all of the pleadings filed by both himself and the plaintiff, which concludes as follows:

"Be it remembered that on the trial of the above entitled and numbered cause that the above pleadings • were presented before the court, and the court after due consideration did then and there overrule the defendant's general demurrer, and did then and there sustain each and all of the special exceptions presented by the plaintiff, to which action of the court the defendant then and there excepted; after the above action of the court the defendant then filed the following trial amendment [defendant's trial amendment]: 'After the court had sustained exceptions by plaintiff, and by leave of the court, defendant, Willis, asked the court, in case the relief first asked is not given, to in the alternative enter judgment directing that any amount received after the first lien is extinguished be applied to the lien of this defendant, and for relief, general and special, in law and in equity, as he may show himself entitled to.'

"Be it still further remembered that after the judgment had been rendered and the motion for a new trial had been overruled the defendant prepared the following order and presented the same to the court for its approval, so that same might be placed in the record."

Then follows a copy of an order in the usual form, sustaining demurrers and noting exceptions to the ruling of the court. The bill then continues:

"Be it further remembered that on the presentation of the above set out order the court did then and there refuse to place or allow the same to be placed of record, because the defendant, Willis, had amended, as shown by the trial amendment as set out above; to which action of the court in refusing to enter said order of record the defendant then and there excepted, and herewith tenders his bill of exceptions and asks that the same be signed and approved and made a part of the record in said case, which is accordingly so done."

That bill of exceptions was approved by the court, with the following explanation:

"That after plaintiff's exceptions to the answer of the defendant, Willis, had been sustained, said defendant, Willis, obtained leave of the court to file amended pleadings and filed such pleadings, and the judgment of the court granted to said Willis such relief as was prayed for in his amended pleadings."

The appellant assigns as error the refusal of the court to have entered of record the order presented, showing that demurrers to his answer were sustained and that he excepted to that ruling.

[1] The question arises, Is an appeal the proper remedy for correcting an error on the part of the trial court in refusing to have entered of record a judgment or an order which forms the basis of the appeal? We are of the opinion that it is not. If during the trial demurrers were sustained to the defendant's answer, that ruling should have been entered on the minutes and should appear as a part of that record in the transcript brought to this court. Article 1694 of the Revised Civil Statutes requires the clerks to—

"keep a fair record of all the acts done, and proceedings had, in their respective courts; they shall enter all judgments of the court, under the direction of the judge."

Article 1727 provides that the—

"minutes of the proceedings of each preceding day of the session shall be read in open court on the morning of the succeeding day, except on the last day of the session, on which day they shall be read, and if necessary corrected and signed in open court by the judge."

Rulings upon demurrers and exceptions are judgments which form a part of the record, to be thus entered under the direction of the trial judge. Daniel v. Daniel (Tex. Civ. App.)

128 S. W. 469; Western Union Tel. Co. v. Forest (Tex. Civ. App.) 157 S. W. 204; Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189; Alvord National Bank v. Waples-Platter Gro. Co., 54 Tex. Civ. App. 225, 118 S. W. 232; Owens v. Ry. Co., 67 Tex. 679, 4 S. W. 593. If the trial court renders a judgment or makes an order which should be entered on the record, and then refuses to have it properly entered, he can be compelled to do so by mandamus from an appellate court. That rule, of course, applies only where the act to be done is purely ministerial and involves no judicial discretion. Lloyd v. Brinck, 35 Tex. 1; Ewing v. Cohen, 63 Tex. 482; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665; Ex parte Newman, 14 Wall. 152, 20 L. Ed. 877. If the writ of mandamus is the proper remedy in such cases, it follows that an appeal cannot be resorted to; for a mandamus will not lie from an error which can be reviewed and corrected on appeal.

[2] If the above conclusion be correct, then none of the assignments which complain of the action of the court in sustaining the special exceptions to appellant's answer can be considered, because the record proper contains no such order. It has frequently been decided by the courts in this state that a bill of exceptions cannot be used as a method of presenting a ruling of this character. See Daniel v. Daniel, Withers v. Crenshaw, and other cases above cited. What the statute requires to be entered of record in the trial court must appear as a part of the record in the appellate court.

Notwithstanding the fact that this judgment must be affirmed on the grounds discussed, we have examined the pleadings and the agreed statement of what the evidence shows, and conclude that appellant got all the relief he was entitled to in the court below. That court must have considered material portions of his pleadings which were excepted to, in order to find a basis for the judgment rendered in appellant's favor. As a matter of fact, the attorney's fees were the only sums about which there was any serious controversy. This we gather from the appellant's argument and brief. He objected to the collection of the attorney's fees on the ground that this depleted the surplus, out of which his debt was to be paid. But he does not allege that the lands which secured these various debts were not sufficient to pay all of them in full. It was not stated that he would probably sustain any injury in any respect by the collection of these attorney's fees before he was allowed to participate in the surplus, nor is there any evidence tending to show that such a situation existed.

In the present state of the record we must assume that the case was heard and disposed of on the pleadings found in the transcript as brought to this court.

The judgment will therefore be affirmed.

## On Motion for Rehearing.

[3] The appellant renews his contention that he is entitled on this appeal to have the rulings of the trial court on demurrers and exceptions reviewed on his bill of exceptions. In support of that proposition he refers to the case of Ry. Co. v. Webber, 109 Tex. 383, 210 S. W. 677. In that case the Supreme Court, in refusing a writ of error, refers to an assignment complaining of the action of the trial court in overruling a plea of privilege at a term held prior to that at which a final judgment was rendered. It appears that no order was entered at the time the plea was overruled showing the action of the court, and no bill of exception taken at that time. In disposing of that question the court uses this language:

"Attempt was made to preserve a record of the court's action by means of a bill of exception filed to the succeeding term of the court at which the trial on the merits was had. The ruling would have been reviewable under a proper bill of exception filed to the term at which it was made, but it was clearly not reviewable under a bill of exception filed to a succeeding term."

That ruling is relied on as in effect overruling the cases cited by us in the original opinion. We do not so construe that case. Rules 53–55 for district and county courts are as follows:

"53. There shall be no bills of exception taken to the judgments of the court, rendered upon those matters, which, at common law, constitute the record proper in the case, as the citation, petition, answer, and their supplements and amendments, and motions for a new trial, or in arrest of judgment, and final judgment.

"54. The charges of the court that are given, and those asked that are refused, when signed by the judge and filed by the clerk, being made thereby a part of the record by statute, should not, in civil causes, be made a part of a bill of exceptions.

"55. The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions, signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise."

From these it appears that objections to judgments on pleadings, that is, as to their legal sufficiency, shall not be presented on appeal by bills of exceptions. Rulings of that character are judgments which at common law constitute a part of the record proper in the appeal. See Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469, previously cited. In

the Daniel Case, which was approved by the Supreme Court, the very question here raised was involved, and was decided adversely to the contention of the appellant. We can see no necessary conflict between that case and the Webber Case referred to by the appellant.

[4] Appellant also insists that the trial court was without jurisdiction in this case, that the property involved belonged to the estate of a decedent, and, this being a suit to collect a debt against that estate, the probate court had exclusive jurisdiction. The record shows a case in which a number of persons held liens on the same property. It has been held that, where different parties holding the liens on the same property are known, all of them should be made parties to the suit, when the right of any one of them is sought to be enforced. Cannon v. McDaniel, 46 Tex. 303; Delespine v. Campbell, 45 Tex. 628. It also appears from the record that it was necessary in this litigation to adjust the equities between the different lienholders. That being true, the district court might rightfully assume jurisdiction of the controversy, even though it involved a claim against the estate of a decedent. Cannon v. McDaniel, supra; George v. Ryan, 94 Tex. 317, 60 S. W. 427; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501. It has also been held, upon principles of equity jurisprudence, that when a plaintiff has other grounds of equitable relief presented in his petition, he may connect therewith a money demand against the estate of a decedent. Munson v. Newson, 9 Tex. 109. It furthermore appears from the record in this case that the plaintiff below sought a personal judgment against Willis as the maker of one of the notes involved in the suit. Certainly the plaintiff had the right to prosecute that suit against Willis in the district court. As the case now stands no appeal has been prosecuted, objection made to the judgment rendered in the trial court by the party sued as temporary administrator, or by the widow or children of the deceased. Willis alone raises the question of jurisdiction, and for the first time on appeal. In the trial court he filed pleadings upon which he sought and recovered a judgment foreclosing his own lien.

[5] However, in this motion for a rehearing he calls attention to the fact that a personal judgment was rendered against him on the $2,000 and $400 notes. This probably was due to an oversight on the part of the trial judge in framing the judgment. The error is fundamental, since it was not alleged that Willis was personally liable for the debts evidenced by those notes.

The judgment will therefore be reformed to correct that error, and as reformed will be affirmed. In all other respects the motion will be overruled.