## HALL'S BAYOU REALTY CORPORATION v. JAMES.

### No. 10290.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1937.

Rehearing Denied July 8, 1937.

E. B. Colgin and Guynes & Colgin, all of Houston, for appellant.

James G. Donovan and Morris Pepper, both of Houston, for appellee

CODY, Justice.

The appellee alleged that his land, prior to the wrongful construction by appellant of a ditch, was free from overflow water and rains. The jury sustained the contention that the ditch changed the natural course of the flow of water and threw it on appellee's land; found the reasonable market value of the land and improvements in question immediately before the ditch was constructed to have been $1,000; and found this value, about three years later when appellee sold it, to have been $828.

Appellant was clearly not entitled to an instructed verdict. The question of whether the verdict was against the great preponderance of the evidence may be close, but the doubt must be resolved in favor of sustaining it. Though no doubt the technically correct measure of damages, where land has been injured, is the difference between the value immediately before and after the injurious act happened, yet, where the injury remained unknown until the fall of subsequent rains disclosed it, it would be pedantic to insist upon such measure of damages as inflexible. Stephenville Ry. Co. v. Baker (Tex.Civ.App.) 203 S.W. 385.

Appellant seasonably complained that the measure of damages was not correct; but merely to tell the court the issue he proposed to submit was not correct, knowing the court believed it correct, was no aid in discovering and preventing error. The objection should have pointed out why the measure of damages the court proposed to apply was not correct. Abilene & S. Ry. Co. v. Herman (Tex.Civ.App.) 47 S.W.(2d) 915. A litigant is under the same obligation to assist the trial court to prevent occurrence of error by pointing out why the contemplated action is error as he is to assist the appellate court to correct such an error by pointing out the reason why it is an error. We do not mean that a litigant can be expected to exercise the same calm discrimination in the heat of the trial of a case as in briefing it on appeal. But on such a question as the proper measure of damages to be applied in a case, the litigants have necessarily, in preparing for the trial, formed their conclusions of what is correct. In this particular case, no injury resulted to appellant from applying the difference in the market value just before the construction of the ditch and at the time appellee sold his land.

We see no error in allowing a recovery for the value of the fruit trees proved to have been destroyed by the overflow water. They were not on the land when the ditch was constructed, at the time the jury found its market value to be $1,000, and were not on it when the jury found the market value to have been $828; but were planted and destroyed between such periods.

 

We will not extend the length of this opinion by discussing the reasons for overruling the appellant's further assignments of error.

The judgment should be affirmed, and it is so ordered.

Affirmed.