STATE et al. v. LITTLEFIELD.

No. 10761.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

Rehearing Denied Feb. 5, 1941.

Gerald C. Mann, Richard H. Cocke, Pat Coon, and Geo. W. Barcus, all of Austin, for appellants.

Duncan & Davis and John A. Romberg, all of Gonzales, for appellee.

NORVELL, Justice.

This is an appeal from the district court of Gonzales County awarding damages to appellee, O. I. Littlefield, for injuries to real property alleged to have been caused by the obstruction of the natural flow of the waters of O'Neil Creek across appellee's land, resulting from the construction of Highway No. 80, by the appellants, who are the State of Texas and its State Highway Commission. The judgment appealed from is based upon a special issue jury verdict.

Appellants' brief contains seventeen assignments of error, followed by eight general propositions of law. No assignment or proposition is briefed separately, but some of them are discussed under various subheads under the general title of "Statement, Authorities and Arguments."

This court is not required to consider assignments of error which are not briefed, unless a fundamental error is disclosed. Certain assignments in appellants' brief are not discussed or mentioned in that part of the brief entitled generally "Statement, Authorities and Argument." These assignments will be considered waived and not further noticed as none of them present fundamental error.

■ Appellants contend that there is neither pleadings nor evidence to support the judgment of the trial court. In support of this contention, it is pointed out that appellee, who owned a 204.5-acre tract, conveyed 5.36 acres thereof to the State for highway purposes, and that the State is not liable for the negligence of its agents. From this it is argued that any damage resulting from the construction of the highway by reason of the obstruction of the waters of O'Neil Creek either resulted from negligence for which the State is not liable, or was such an injury as would naturally result from the construction of the highway, and therefore appellee received full compensation therefor when he conveyed the 5.36-acre strip to the State. This contention is overruled. The consideration for the right-of-way conveyance can not "properly be held to embrace damages which might thereafter accrue from constructing the roadway in such manner as to overflow and thereby injure appellees' lands." State v. Hale, Tex.Civ.App., 96 S.W.2d 135, 141. Appellee's suit is not based upon negligence, but is one seeking compensation for private property damaged by public use.

Appellant also contends that the authorization of the Legislature for the bringing of this suit limits the recovery of appellee to the land actually inundated and washed away as the result of the obstruction in the natural flow of the waters of O'Neil Creek caused by the construction of the highway.

The resolution of the Legislature reads as follows:

"Whereas, it is alleged that said highway was constructed in such a manner as to cause the flood waters of certain creeks to flow over, inundate and wash away certain farm lands belonging to O. I. Littlefield and to destroy growing crops on said land, thereby causing great damage to said Littlefield. * * *

"Resolved that the said O. I. Littlefield, be and he is hereby granted permission to bring suit against the State of Texas and against the Highway Department of the State of Texas * * * in order to determine what compensation, if any, he is entitled to receive by reason of such damage."

■ Appellee pleaded that approximately 65 acres were actually inundated. The judgment was based upon jury findings as to the diminished market value of appellee's entire tract of 199.14 acres. The resolution of the Legislature can not be construed as restricting appellee to the damages for that portion of his farm actually destroyed, and it is well settled that the taking or destruction of a part of a tract may, and often does, diminish the value of the remainder of the tract and damages are recoverable therefor. State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 979; State v. Hale, supra.

■ Appellants challenge the sufficiency of the evidence bearing upon the issue of the damages sustained. Appellee testified that his land was worth $35 per acre prior to the construction of the highway. The jury found the value to be $25 per acre. No witness testified that in his opinion the land had the value fixed by the jury. There was testimony, however, that the land was worth only $15 per acre prior to the construction of the highway. The statement of facts also discloses other evidence which could properly be considered by the jury on the issue of market value, although this evidence is not in the form of an opinion as to the market value per acre. A jury finding as to market value is not without support of the evidence simply "because no witness testified to the identical amount" found by the jury. Appellants assignments and propositions on this point are without merit and are overruled. Adams v. Cohn, Tex. Civ.App., 28 S.W. 909; Houston Tie & Lumber Co. v. Hankins, Tex.Civ.App., 200 S.W. 237.

■ Appellants further contend that the trial court submitted an erroneous measure of damages to the jury. No authorities are cited in support of this contention, and we are only called upon to decide whether or not the trial court's charge is subject to specific objections made before the submission to the jury which have been prop-

erly carried forward by assignments of error.

By special issue No. 3, the jury was required to find the market value per acre of appellee's land in 1934, immediately before the construction of the highway. Special issue No. 4 inquired as to the market value of the land in June 1936, after some injury was alleged to have occurred.

Appellants' assignments of error are predicated upon the following objections to the trial court's charge, viz.:

1. "Defendants (appellants) except and object to Special Issue No. 4, for the reason that the same does not submit to the jury in whole or in part any proper measure of damages recoverable in this cause."

2. "Defendants (appellants) further except and object to Special Issue No. 4 because the same does not confine the finding of the jury as to the value of plaintiff's (appellee's) land to the time immediately after the construction of Highway No. 80."

3. "Defendants (appellants) further except and object to Special Issue No. 4 for the reason that the same does not confine the finding of the jury to any particular date or time, but allows the jury to speculate on the value of plaintiff's (appellee's) property over a period of approximately two years and to find the value of said land at any time during said two year period, and is too indefinite and calculated to mislead the jury."

■ Appellants' first objection is too general and can not be considered. Hall's Bayou Realty Corporation v. James, Tex. Civ.App., 107 S.W.2d 1113; Abilene & Southern Railway Company v. Herman, Tex.Civ.App., 47 S.W.2d 915.

■ Appellants' second and third objections are apparently based upon the theory that the correct measure of damage is the difference in value of the land immediately before and immediately after the construction of the highway. There are cases which refer to this measure as being correct. It is, however, well settled that in all cases where damages result from interference with the flow of water, the issues relating to damages are not arbitrarily restricted to two questions, one relating to the value immediately before the erection of the obstruction and the other relating to the value immediately afterwards. City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57.

■ It has been held that no reversible error is shown simply because the submission of the value of lands before the erection of an obstruction to the flow of water is followed by an issue inquiring as to value of property a number of years later, after the injury has occurred, where there is no showing that some other factor contributed to the depreciation in value. In this case, appellants bring forward in their brief no evidence or reference to the statement of facts which would indicate that some factor other than the obstruction of the flow of water in O'Neil Creek contributed to the depreciation in value of appellee's land. Hall's Bayou Realty Corporation v. James, supra; Owens v. Missouri Pacific Railway Co., 67 Tex. 679, 4 S.W. 593.

■ Appellants further contend that the case must be reversed because of misconduct of the jury. It appeared that during their deliberations each of the jurors wrote on a piece of paper the amount he believed should be awarded to appellee as damages. The jurors who testified on the motion for new trial stated that there was no agreement that the amount of damages should be determined by a quotient method. Under the evidence, the trial court was justified in holding that this occurrence was part of an effort on behalf of the jurors to compose their differences and that the verdict was not the result of an illegal agreement. Yellow Cab Corporation v. Halford, Tex.Civ.App., 91 S.W.2d 801; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; 31 Tex.Jur. p. 53, sec. 46.

Appellants having failed to show reversible error, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Since our original disposition of this case, the Supreme Court of this State has written in the case of State of Texas v. Hale, 146 S.W.2d 731. The holdings of the Austin Court of Civil Appeals (reported in 96 S.W.2d 135, and cited in our original opinion) were in the main upheld. The Supreme Court opinion supports our holding that this cause of action lies, as it is one seeking compensation for private property damaged by public use. It also supports our construction of the Legislative Resolution authorizing the suit to be brought, i. e., that the damages recoverable by Littlefield are not restricted to the acreage actually inundated.

We might also point out that the evidence in this case supports a recovery for damages to the entire 199.14 acres owned by Littlefield, and in that particular, this record differs from the record before the Supreme Court in the Hale case.

Littlefield introduced his deed in evidence, containing a metes and bounds description embracing 204.50 acres, also his conveyance to the State for highway purposes, 5.36 acres, leaving a balance of 199.14 acres. He also testified that he has been in possession of the entire tract since the date of his deed in 1906. This evidence forms the acreage basis of the award for damages, which was found by the jury to be $5 per acre, making a total of $995.70, the amount of the judgment.

Appellants' motion for rehearing is overruled.